# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:11cv530

| | |
|---|---|
| J & J SPORTS PRODUCTIONS, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| Vs. ) | ORDER |
| ) | |
| RICARDO CARBAJAL, and MAGALY ) | |
| CARBAJAL, INDIVIDUALLY and d/b/a ) | |
| LAS PENITAS MEXICAN STORE; and ) | |
| LAS PENITAS MEXICAN STORE, ) | |
| CORP., a business entity d/b/a LAS ) | |
| PENITAS MEXICAN STORE, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

**THIS MATTER** is before the court on plaintiff's Motion for Relief from Order of Dismisal [*sic*] and for Additional Time to Serve Defendants (#8). After determining on March 29, 2012, that plaintiff had failed to file proof of service within the time provided by Rule 4(m), Federal Rules of Civil Procedure, or move within such period to enlarge the time for service, this matter was noticed for a Status Hearing on April 18, 2012, beginning at 10:30 a.m. Counsel for plaintiff failed to appear at such hearing, the matter was called and failed, and a dismissal of the action was entered on the record. Counsel for plaintiff now moves to vacate such dismissal and for additional time to serve defendants.

For cause as to the failure to appear, counsel for defendant states that "[d]ue to confusion over multiple cases bearing similar names the instant case was not properly calendared at Plaintiff's counsel's law firm . . . ." Motion, at ¶ 5. For cause as to the failure to serve defendants within the time allowed, plaintiff states that the "location of the Defendants is unknown, and extensive investigation may be required to locate them."

-1-

Motion, at ¶ 9. Plaintiff has not, however, informed the court of what efforts have been made since October 2011 to locate or serve such defendants. Review of the return of service – filed after the status conference – indicates that plaintiff (through a private process server sharing the same business address as plaintiff's counsel) only attempted service on each defendant once.

Rule 41(b) provides for involuntary dismissal of an action"[f]or failure of the plaintiff . . . to comply with rules or any order of court."  The Court of Appeals for the Fourth Circuit has repeatedly noted that such involuntary dismissal with prejudice is a "harsh" result and must be employed with caution.

> We have noted that involuntary dismissal under Rule 41(b) "is such a harsh sanction ... [that] it should be resorted to only in extreme cases." McCargo v. Hedrick, 545 F.2d 393, 396 (4th Cir.1976) (quotation marks omitted). We thus require a district court to consider four factors when deciding whether to involuntarily dismiss an action for attorney misconduct. Id. First, the court must consider the "degree of personal responsibility on the part of the plaintiff." Id. Second, it must determine the "amount of prejudice to the defendant." Id. Third, it must look to the record to see if it indicates "a drawn out history of deliberately proceeding in a dilatory fashion." Id. Finally, the court must consider whether "sanctions less drastic than dismissal" will be effective. Id.

Richardson v. Boddie-Noell Enters., Inc., 2003 WL 22429534, at *4 (4th Cir. 2003).[1] Further, the appellate court has instructed that the "test for dismissal pursuant to Rule 41(b) is similar to that for Rule 37," and that "before a dismissal a court must give a plaintiff a 'clear and explicit' warning of the consequences of failing to satisfy the court's conditions and orders," and that "dismissal as a sanction is an extreme remedy to be used only when a party has displayed callous disregard to its obligations or exhibited very bad faith." Berry v. S.C. Dept. of Soc. Servs., 1997 WL 499950, at *6 (4th Cir. 1997).

---

[1] Due to the limits of CM/ECF, copies of unpublished opinions are incorporated herein by reference to the Westlaw citation.

While there is no information that the client is in any way responsible for the failures in this case and the harm to defendants amounts to delay in receiving notice of the action, the court has closely considered the third factor in the context of counsel's failure to attend the hearing and failure to serve defendants within the time allowed or move for an extension within such time. As to the failure to attend the hearing, the given reason is confusion in his office based on a number of cases with similar names. Review of this court's docket reveals that counsel for plaintiff filed 16 cases in this district in 2011-2012. While this is counsel's only case on the undersigned's docket, close review of the docket in the 15 other cases reveals a number of cases in similar disrepair.

First, while the matter has now been closed, in J&J Sports Productions, Inc. v. Romenski, 3:11-cv-00532-RJC-DSC (W.D.N.C.), such closure did not come without the presiding judge having to intervene to have counsel for plaintiff move the case forward, holding, as follows:

> Plaintiff J&J Sports Productions, Inc. ("Plaintiff") moved for entry of this default on January 6, 2012, (Doc. No. 6), but did not move for default judgment following the Clerk's entry. On January 26, 2012, the Court reminded Plaintiff that it needed to separately move for default judgment under Federal Rule of Civil Procedure 55(b). Plaintiff did not respond.
> The Court orders Plaintiff to file a motion for default judgment within fourteen (14) days of the date of this Order. *See Kashaka v. Baltimore Cnty.*, 450 F. Supp. 2d 610, 614 n.3 (D. Md. 2006). Should Plaintiff fail to obey this Order, the Court will set aside the entry of default and dismiss Plaintiff's claims against the defendants. See *id.*; FED. R. CIV. P. 16(f); 41(b).

Id. Order (#8), at 1.

While such Order resulted in compliance in that particular case, further review of the docket reveals that such Order has failed to cause counsel for plaintiff to cure deficiencies in other cases: J&J Sports Prods., Inc. v. Bejarano-Lopez, 3:11-cv-00467-FDW-DCK (proof of service has not been filed despite running of 120 days); J&J Sports Prods., Inc. v. Riut,

3:11-cv-00469-RJC-DCK (CIAC has not been filed within the time required); J&J Prods., Inc. v. Ladish, 3:11-cv-00533-GCM (proof of service has not been filed despite running of 120 days); J&J Prods., Inc. v. Gaines, 3:11-cv-00546-FDW-DSC (default entered, but no motion for default judgment filed despite the passage of four months); J&J Sports Prods., Inc. v. Jimenez, 5:11-cv-00130-RLV-DSC (proof of service has not been filed despite running of 120 days); and Traffic Sports USA, Inc. v. Carbajal, 5:11-cv-00159-RLV-DCK (CIAC has not been filed within the time required). Due to counsel for plaintiff's "drawn out history of deliberately proceeding in a dilatory fashion," the third factor weighs heavily against allowing plaintiff the entirety of the relief sought.

Finally, the court has considered whether any sanction less drastic than dismissal of the Complaint with prejudice will be effective. The court has observed that the claim arose not earlier than July 31, 2010, the date on which these defendants allegedly intercepted and exhibited plaintiff's protected programming. Since neither 47 U.S.C. § 553 nor § 605 contains a statute of limitations, a three-year period of limitation is applicable to these claims under North Carolina's most analogous limitations period. See J&J Sports Prods., Inc. v. West Side Stories, 2011 WL 2899139 (E.D.N.C. 2011). Thus, dismissal *without prejudice* will have the desired effect of requiring counsel to reconsider his caseload and the resources devoted to those cases, without harming the innocent plaintiff. Further, the court's interest in keeping its docket current and in making sure that Orders of this court are followed, can be achieved by sharing the above findings concerning the status of other cases with its affected colleagues. Counsel should make every effort to proactively bring all cases current. The court finds this to be an appropriate and fair resolution.

**ORDER**

**IT IS, THEREFORE ORDERED** that plaintiff's Motion for Relief from Order of Dismisal [*sic*] and for Additional Time to Serve Defendants (#8), is **GRANTED** in part and **DENIED** in part, and the previous dismissal is modified to provide that this action is **DISMISSED** without prejudice.

Signed: May 2, 2012

Max O. Cogburn Jr.
United States District Judge